**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | |
|---|---|
| IN RE:<br><br>AGAIA, INC.,<br><br>    Debtor. | CASE NO. 17-22132-JKO<br><br>CHAPTER 11 |

**DEBTOR'S APPLICATION
FOR ENTRY ORDER AUTHORIZING EMPLOYMENT
OF SEESE, P.A. AS COUNSEL FOR DEBTOR-IN-POSSESSION
*NUNC PRO TUNC* TO OCTOBER 4, 2017**

AGAIA, INC. ("Agaia" or "Debtor"), respectfully requests entry of an order of the Court authorizing the employment of MICHAEL D. SEESE and the law firm of SEESE, P.A., to represent the Debtor in this case (the "Case"), and states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for relief requested is U.S.C. § 327(a).

**BACKGROUND**:

**A.**   **Organization**

3. Agaia was incorporated as a Florida corporation in 2009.

4. Agaia is a privately held corporation.

**B.**   **Business Operations**

5. Agaia holds a unique, proprietary, highly effective and low cost all natural cleaning technology. Agaia's patented technology can be used in a broad range of highly

effective formulations in consumer, commercial and industrial applications. Agaia's technology is a powerful, next generation bio-based organic cleaning and remediation technology.

6. Agaia's formula has been proven one of the greenest products available in the United States, and in 2015, Agaia's laundry detergent was the first laundry detergent to ever receive a Green Seal certification.

7. Agaia received its first two United States Patents in 2013 and 2014. Today, the technology has an additional 18 international patents and patents pending. Agaia also owns the evolve™ trademark.

8. Agaia has two (2) wholly-owned subsidiaries: (a) Agaia Home Brands, which had launched a line of household products under the Evolve brand in major retailers; and (b) Agaia Commercial Brands, which is focused on institutional customers, either through direct sales or through distribution partners.

9. In 2012, a major international retailer approached Agaia about using Agaia's patented technology for a private-label brand. Due to stronger than projected sales, this same retailer requested the launch of Agaia's branded line, Evolve, which included laundry detergent, spray multi-cleaner and glass cleaner. Evolve eventually launched nationally in 2016 in more than 1,500 retail stores.

10. Additionally, in late 2015, another national retailer approached Agaia regarding a launch of Evolve products across more than 500 stores nationally.

C. **Financing**

11. In order to fund operations, in addition to raising equity, Agaia borrowed money on both an unsecured and secured basis.

18747702 0929080

12. It's largest secured creditor is Marooned, Inc., which is owed approximately $4,000,000.00, and which claim is secured by recorded liens against US Patent Number 8,455,426.

13. Another approximately $1,000,000.00 is owed to two (2) other creditors holding claims collateralized by assets of Agaia. Unsecured notes payable total in excess of $4,000,000.00.

**D.   Assets and Liabilities**

14. Agaia's assets include licensing and distribution agreements pertaining to the United States, Europe and South America, as well as the intellectual property. Agaia also has some inventory estimated with a wholesale value of approximately $250,000.00.

15. Again, total liabilities, comprising both secured and unsecured claims, are approximately $14,000,000.00.

**EVENTS LEADING TO BANKRUPTCY**

16. Agaia's research and development costs, as well as costs related to the growth and expansion of its product line and national rollouts depleted Agaia's cash. Agaia attempted to raise additional capital and explored other restructuring possibilities, but ultimately was unable to close a transaction, in part, due to Agaia's balance sheet and equity structure.

17. In the meantime, Agaia was able to make interest payments to Marooned, Inc. until appr1oximately late October, 2016, at which time Agaia defaulted on certain matured obligations. Agaia and Marooned, Inc. entered a forbearance agreement, but Marooned, Inc. later declared a default and commenced legal proceedings in an effort to, among other things, foreclose on the collateral securing the debt, case styled *Marooned, Inc. v. Agaia, Inc. et al*, Case No. CACE 17-000060 (14).

18747702 0929080

18. Agaia and Marooned, Inc. entered good-faith discussions in an effort to resolve the pending litigation. Although Agaia is very interested in resolving the claims of Marooned, Inc., Agaia resolved to commence these proceedings in order to have additional time in which to fully explore restructuring alternatives.

19. At the present time, Agaia has no business operations. However, Agaia is a party to certain licensing, distribution and manufacturing agreements, including, without limitation, a license agreement (consumer products) to Planetsafe, Inc., an entity privately held, including, without limitation, by founding shareholders of Agaia. This structure was implemented so that Planetsafe, Inc. may raise capital. Funds raised may be used, in part, to satisfy manufacturing and other related costs, and to pay licensing fees, which may be used to fund distributions to creditors of Agaia.

## RELIEF REQUESTED

20. Subject to the approval of this Court, the Debtor desires to employ MICHAEL D. SEESE ("Seese") and the law firm of SEESE, P.A. as attorneys in this Case.

21. Seese is qualified to practice in this Court and to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

22. Seese's depth of experience in bankruptcy matters, and, especially, in business reorganizations, makes Seese qualified to deal effectively with the legal issues that may arise in the context of this Case. Therefore, the Debtor believes that Seese is well qualified to serve as its bankruptcy counsel and that retention of Seese is in the best interests of the estate.

## SERVICES TO BE RENDERED

18747702 0929080

23. Seese's services are necessary and will enable and assist the Debtor in performing its duties as a debtor and debtor-in-possession. In connection with this Case, Seese will render the following types of professional services:

- a. Advise the Debtor generally regarding matters of bankruptcy law in connection with this Case;

- b. Advise the Debtor of the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable bankruptcy rules, including local rules, pertaining to the administration of the Case and U.S. Trustee Guidelines related to the daily operation of its business and administration of this estate;

- c. To prepare motions, applications, answers, proposed orders, reports and any other papers necessary in connection with the administration of the estate;

- d. To negotiate with creditors, prepare and seek confirmation of a plan of reorganization and related documents, and assist the Debtor with implementation of any plan;

- e. To assist the Debtor in the analysis, negotiation and disposition of estate assets for the benefit of the estate and its creditors;

- f. Review executory contracts and unexpired leases;

- g. To negotiate and document any debtor-in-possession financing and exit financing;

- h. To advise the Debtor regarding general corporate matters and litigation issues; and

- i. To render such other advice and services as the Debtor may require.

## **DISINTRESTEDNESS OF PROFESSIONALS**

24. To the best of the Debtor's knowledge, neither said attorneys nor said law firm has any connection with the creditors or other parties in interest or their respective attorneys, except as disclosed in the Verified Statement in support of this Application.

25. Seese has agreed to accept the following as compensation for the services to be rendered and expenses to be incurred in connection with representation of the Debtor:

5

a. a general retainer in the amount of $10,000.00, which was received and used to satisfy fees and costs incurred pre-filing, plus an additional retainer in the amount of $25,000.00, which shall be paid by a third party; and

b. any such additional sums as may be allowed by this Court based on the time spent and services rendered, the result achieved, the difficulty and complexity encountered, and other appropriate factors.

Seese will not be paid any compensation by the Debtor except upon application to and approval by the Court after notice and hearing.

26. As disclosed more fully in the Verified Statement, Seese represented the Debtor prior to the date of this Application in connection with preparing for this Case.

27. To the best of the Debtor's knowledge and based on the Verified Statement of Seese submitted in connection with this Application, there are no arrangements between Seese and any other entity to share compensation to be received in connection with this Case, other than as permitted by section 504 of the Bankruptcy Code.

28. Under applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtor proposes to pay Seese its standard hourly rates and reimburse Seese for expenses according to Seese's customary reimbursement policies. The hourly rate of Michael Seese is $515.00 per hour.

29. The hourly rates discussed above are Seese's standard hourly rates charged to all clients. These rates are subject to adjustment, generally on an annual basis to reflect, among other things, seniority.

30. Attached to this Motion is the proposed attorney's Verified Statement demonstrating that MICHAEL D. SEESE and the law firm of SEESE, P.A. are "disinterested" as required by 11 U.S.C. § 327(a), as required under Bankruptcy Rule 2014.

18747702 0929080

**WHEREFORE,** the Debtor respectfully requests the entry of an order, the form of which is attached as Exhibit "B", authorizing the retention of SEESE, P.A. and the law firm of SEESE, P.A. pursuant to 11 U.S.C. §§ 327 and 330 *nunc pro tunc* to October 4, 2017, and granting such other and further relief as this Court deems proper.

DATED: October 5, 2017

|  | **AGAIA, INC.**<br><br>By: _____<br>      Chris Shell<br>Its: President |
|---|---|

18747702 0929080

**WHEREFORE,** the Debtor respectfully requests the entry of an order, the form of which is attached as Exhibit "B", authorizing the retention of SEESE, P.A. and the law firm of SEESE, P.A. pursuant to 11 U.S.C. §§ 327 and 330 *nunc pro tunc* to October 4, 2017, and granting such other and further relief as this Court deems proper.

DATED: October 5, 2017

|  | AGAIA, INC.<br><br>By: /s/ Chris Shell<br>Chris Shell<br>Its: President |
|--|--|

18747702 0929080

AGAIA, INC.

Case No. 17-22132-JKO

Exhibit "A"

Verified Statement

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

| IN RE: | CASE NO. 17-22132-JKO |
|---|---|
| AGAIA, INC., | CHAPTER 11 |
| Debtor. | |

## VERIFIED STATEMENT
## IN SUPPORT OF DEBTOR'S APPLICATION
## FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT OF
## SEESE, P.A. AS COUNSEL FOR DEBTOR-IN-POSSESSION

MICHAEL D. SEESE, under penalty of perjury, states as follows:

1. I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

2. I am the founding shareholder of the law firm of Seese, P.A. ("Seese") with offices located at 101 N.E. 3rd Avenue, Suite 1270, Ft. Lauderdale, FL 33301.

3. I submit this Verified Statement in support of the Debtor's *Application for Entry of Order Authorizing Employment of Seese, P.A. as Counsel for Debtor-in-Possession,* in which the Debtor requests authorization to employ Seese as general bankruptcy counsel (the "Application") in the above-styled Chapter 11 case (the "Case").

4. The names, addresses, telephone number and e-mail of Seese and the attorneys that are expected to be primarily responsible for these matters are:

18747702 0929080

Seese, P.A.
101 N.E. 3rd Avenue
Suite 1270
Ft. Lauderdale, FL 33301
Telephone: (954) 745-5897
Michael D. Seese
mseese@seeselaw.com

5.   Seese is well qualified to represent the Debtor in the manner described in the Application. Generally, Seese will represent and advise the Debtor with respect to:

(a)   Advise the Debtor generally regarding matters of bankruptcy law in connection with this Case;

(b)   Advise the Debtor of the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable bankruptcy rules, including local rules, pertaining to the administration of the Case and U.S. Trustee Guidelines related to the daily operation of its business and administration of this estate;

(c)   To prepare motions, applications, answers, proposed orders, reports and any other papers necessary in connection with the administration of the estate;

(d)   To negotiate with creditors, prepare and seek confirmation of a plan of reorganization and related documents, and assist the Debtor with implementation of any plan;

(e)   To assist the Debtor in the analysis, negotiation and disposition of estate assets for the benefit of the estate and its creditors;

(f)   Review executory contracts and unexpired leases;

(g)   To negotiate and document any debtor-in-possession financing and exit financing;

(h)   To advise the Debtor regarding general corporate matters and litigation issues; and

(i)   To render such other advice and services as the Debtor may require.

2

6. Under the applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtor propose to pay Seese its standard hourly rates and reimburse Seese for expenses according to Seese customary reimbursement policies. My hourly rate is $515.00.

7. Prior to the Petition Date, I received the following: (a) total retainers in the amount of $25,800.00, and (b) total fee and cost payments in the amount of $25,800.00. The retainers were paid by the following: (a) $2,500.00 by Manteras Holdings, LLC, and (b) $23,300.00 by Planetsafe, LLC. As of the Petition Date, my firm does not hold any retainer for purposes of the Chapter 11 case; *however*, Planetsafe, Inc. has agreed to fund a retainer in the amount of $25,000.00 no later than October 9, 2017. Manteras Holdings, LLC is an entity owned and/or managed by Chris Shell, an officer and director of the Debtor. Planetsafe, Inc. is owned, in part, by Chris Shell, an officer and director of the Debtor.

8. The hourly rates set forth above are Seese's standard hourly rates charged to all clients. These rates are set at a level designed to compensate Seese fairly for the work of its attorneys and to cover expenses.

9. It is Seese's policy to charge its clients for all expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone, toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, filing fees, computerized research, transcription costs, and appearance fees. Seese will charge the Debtor for these expenses in a manner and rates consistent with charges made generally to Seese's other clients or as previously fixed by this Court. Seese believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

18747702 0929080

10. Seese acknowledges that any award of compensation and reimbursement of expenses in this Case is subject to approval of the Court in accordance with sections 327(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1. In the event that the Court disallows any fees or expenses paid to Seese, the fees and expenses (to the extent previously paid) will be disgorged by Seese and returned to the appropriate party or as otherwise ordered by the Court.

11. Seese categorizes its billing by subject matter and in compliance with the applicable guidelines of the U.S. Trustee's Office. There are no arrangements between Seese and any other entity to share compensation received or to be received in connection with this Case, except as permitted under Section 504 of the Bankruptcy Code.

12. Except for the continuing representation of the Debtor, neither I nor the firm has or will represent any other entity in connection with this Case, and neither I nor the firm will accept any fee from any other party or parties in this Case, except as otherwise disclosed by Seese and approved by the United States Bankruptcy Court.

**Disinterestedness:**

13. Seese has conducted a check for conflicts of interest and other conflicts and connections with respect to this Case. Seese has reviewed and analyzed whether Seese and its attorneys have any connection with the creditors and parties in interest in this case to the best of our knowledge, using information provided to Seese by the Debtor, a review of the creditor matrix and information contained in Seese's files. The following is a list of the categories of known entities that Seese has searched:

(j) creditors of the Debtor;

(k) pre-petition lenders of the Debtor;

(l) known shareholders, officer or directors of the Debtor; and

18747702 0929080

(m) known counsel for the foregoing parties.

Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither, I, Seese, nor any of its attorneys thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors or any other parties in interest, or their respective attorneys and accountants, and the United States Trustee or any person employed in the office of the Unites States Trustee, except as follows: (a) I represented the Debtor in connection with preparing for the filing of this Case; (b) my firm was originally retained by Benjamin Shell, an officer and director of the Debtor, for purposes of advising on restructuring alternatives for the Debtor. My firm no longer represents Mr. Shell, who is represented by separate counsel; and (c) as disclosed herein-above, my firm received retainers and fee payments from Manteras Holdings, LLC and Planetsafe, Inc. Planetsafe, Inc. has agreed to fund an additional retainer to my firm in the amount of $25,000.00. Manteras Holdings, LLC is owned and/or controlled by Chris Shell, an officer and director of the Debtor. Planetsafe, LLC is owned, in part, by Chris Shell, and Benjamin Shell is an officer of Planetsafe, Inc. My firm does not now, nor has it ever, represented Manteras Holdings, LLC or Planetsafe, Inc. Planetsafe, Inc. and Agaia, Inc. have acknowledged, in writing, that my firm's client in this case is Agaia, Inc. and that neither I nor my firm may represent, nor take direction from, any other party in this case, including, without limitation, any officer, director, shareholder, or Planetsafe, Inc.

14. Except as otherwise provided herein, to the best of my knowledge, and based upon the foregoing efforts, Seese and the attorneys employed by it are disinterested persons who do not hold or represent an interest adverse to the estate, and except as set forth above, do not have any connection either with the Debtor, its creditors, or any other party in interest in this case or with their respective attorneys our accountants, with the judges of this Court, or with the United States Trustee or any person employed in the Office of the United States Trustee. Therefore, neither I

18747702 0929080

nor the firm represent any interest adverse to the Debtor or the estate, and we are "disinterested" persons as defined in section 101(14) and as required by section 327(a) of the Bankruptcy Code.

15. Seese makes the following additional disclosures with respect to Seese's disinterestedness: (a) Seese is not and was not a creditor, equity security holder, or insider of the Debtor; (b) Seese is not and was not, within two years before the date of filing of the petition herein, a director, officer or employee of the Debtor; and (c) Seese neither has, holds or represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

16. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 5, 2017.

_____
Michael D. Seese

18747702 0929080

AGAIA, INC.

Case No. 17-22132-JKO

Exhibit "B"

Proposed Order

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| IN RE: <br><br> AGAIA, INC., <br><br> Debtor. | CASE NO. 17-22132-JKO <br><br> CHAPTER 11 |

**<u>FINAL ORDER AUTHORIZING
EMPLOYMENT OF SEESE, P.A., AS COUNSEL
FOR DEBTOR-IN-POSSESSION, *NUNC PRO TUNC* TO OCTOBER 4, 2017</u>**

**THIS CAUSE** came before the Court on _____ at _____ upon the scheduled hearing on the Debtor's *Application for Entry of Order Authorizing Employment of Seese, P.A., as Counsel for Debtor-in-Possession* (the "**<u>Application</u>**") [ECF No.____]. The Application seeks authority for the Debtor to retain and employ Michael D. Seese, Esq. and the law firm of Seese, P.A. ("**<u>Seese</u>**") as counsel for the Debtor, and is supported by the *Verified Statement In Support*

*Debtor's Application For Entry of Order Authorizing Employment of Seese, P.A. as Counsel for Debtor-in-Possession* (the "**Verified Statement**") attached to the Application as Exhibit "A". The Application sought the entry of an final order authorizing the employment and retention of Seese, *nunc pro tunc* to October 4, 2017.

The Court having read the Application and Verified Statement, it appearing that Mr. Seese and Seese have disclosed any connections with parties in interest in the case as set forth in Fed. R. Bankr. P. 2014 and are "disinterested" within the meaning of 11 U.S.C. §§ 101(14) and 327(a); and it further appearing that the relief requested in the Application is in the best interests of the Debtor's estate, creditors and other parties in interest; and, the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334, and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409, it is

**ORDERED** as follows:

1. The Application is **GRANTED** on a final basis.

2. The Debtor is authorized to retain and employ Michael D. Seese, Esq. and the law firm of Seese, as counsel in this Chapter 11 case to represent the Debtor in general bankruptcy matters and any other matters that may arise in the course of the representation in accordance with the terms and conditions set forth in the Application and in accordance with the terms of this Order.

3. The employment of Mr. Seese and Seese shall be *nunc pro tunc* to October 4, 2017.

4. Seese shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the

Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

5. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:

Michael D. Seese, Esq.
Seese, P.A.
101 N.E. 3rd Avenue, Suite 1270
Ft. Lauderdale, FL 33301
Phone#: (954) 745-5897
mseese@seeselaw.com

Copies to:

Michael D. Seese, Esq. is directed to serve a copy of this order upon all interested parties.